United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

In re:

Terence Michael Hynes,                                Case No. 16-10556-BFK
Kathryn Wilson Hynes,

    Debtors.                                            Chapter 11

                                      Hearing:  May 3, 2016, at 11:00 am
                                              Courtroom III, 3rd Floor

Motion for Date Certain for Filing of Disclosure Statement and Plan
and to Have Court Approve a Budget for Debtors' Expenses

      Comes Now, Judy A. Robbins, United States Trustee, and files this motion to have the Court set a date certain for the filing of a disclosure statement and plan of reorganization by the Debtors, and for the Debtors to submit and the Court approve a budget for the Debtors' expenses.

1. This Court has jurisdiction to hear and decide this matter.
2. This is a core proceeding.
3. On February 18, 2016, the Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code.
4. Terence Michael Hynes is an attorney.
5. His monthly income is $80,097. Docket No. 17, page 24.
6. Kathryn Wilson Hynes is a self-employed fashion designer.
7. Her monthly income is -$1,798.  Docket No. 17, page 24.
8. The Debtors' total liabilities are $4,889,612. Docket No. 17, page 1.
9. On Schedule D – Secured Claims, the Debtors listed the Internal Revenue Service has having a lien on all the Debtors' property.  The amount of the IRS's claim is $4,239,492.  The claim is not listed as disputed, contingent or unliquidated. Docket No. 17, page 14.
10. On Schedule –Secured Claims, the Debtors listed the Virginia Department of Taxation has having a statutory lien.  The amount of the claim is $522,201.  The claim is not listed as disputed, contingent or unliquidated. Docket No. 17, page 14.

11. The Debtors' total nonpriority unsecured debt is $127,919. Docket No. 17, page 20.
12. The Debtors own no real estate. Docket No. 17, page 1.
13. The Debtors are paying $9,685 a month for rent, and home repair and maintenance. Docket No. 17, page 26.
14. The Debtors' have listed two adult dependents. Neither dependent resides with the Debtors. Docket No. 17, page 26.
15. Mr. Hynes has two retirement plans that have (on date of filing) combined $1,655,765. Docket No. 17, page 6.

## Argument

Chapter 11 debtors owe a fiduciary duty to their creditors.

The Debtors must act in the best interest of the estate and creditors. They should spend "their" money prudently and reasonably.

> A debtor-in-possession is a fiduciary. As such, Debtor would owe the same duties as a trustee. *See In re J.T.R. Corp.,* 958 F.2d 602, 604 (4th Cir.1992); *In re International Yacht and Tennis, Inc.,* 922 F.2d 659 (11th Cir.1991) (Chapter 11 debtor-in-possession has same rights and duties as a trustee). 56 The fiduciary duties of the debtor-in-possession, like the trustee, extend to all parties interested in the bankruptcy estate. *Commodity Futures Trading Com. v. Weintraub,* 471 U.S. 343, 354–55, 105 S.Ct. 1986, 1994, 85 L.Ed.2d 372 (1985). A debtor-in-possession does not act in its own interest but must act in the best interest of the creditors of the estate. *J.T.R. Corp.,* 958 F.2d at 604–05. The job of the debtor-in-possession is to make sure the creditors are paid. *Grayson–Robinson Stores, Inc. v. Securities Exchange Commission,* 320 F.2d 940 (2d Cir.1963)

In re Bowman, 181 B.R. 836, 843 (Bankr. D. Md. 1995)

Having a court approved budget would aid in the administration of this case.

It would maintain creditor and public confidence that bankruptcy while providing relief to the hard-pressed individual also requires appropriate financial responsibility by a debtor.

As one commentator stated:

> Prior to the enactment of § 1115, few cases addressed the issue of whether a debtor had to get court approval for the payment of living expenses. Some courts which considered the question held that normal living expenses of an individual Chapter 11 debtor did not need court approval, while others indicated that some form of court approval would be necessary at least in cases of significant expenses. Indeed one early pre-2005 Amendments decision In re Vincent held there was no authority for the payment of living expenses from the Chapter 11 estate for a Chapter 11 individual debtor and his family under the Bankruptcy Code. Given § 1115 and Chapter 11 debtors' fiduciary duty to creditors, individual debtors should give serious thought to having a budget for living expenses approved by their Court in order to avoid challenges to the spending later in the case.
>
> After the 2005 Amendments, some courts appear content to allow the individual debtor to use estate property to pay "ordinary" living expenses without obtaining court approval. Nevertheless, an individual Chapter 11 debtor should consider requesting bankruptcy court approval of a living expense budget in order to avoid challenges to the spending later in the case or at the very least, discussing the issue with the local U.S. Trustee attorneys. As one bankruptcy court recently noted,
>
> A chapter 11 debtor in possession or his counsel might well conclude that it would be in the debtor's best interest to seek such approval, whether or not it is required, in order to put parties in interest on notice as to the amounts the debtor intends to spend on living expenses each month, rather than wait until estate assets have been dissipated and another party in interest claims that the debtor's disbursements were unreasonable or excessive (and therefore constitute grounds to warrant the appointment of a chapter 11 trustee or conversion of the case) or did not qualify as ordinary course expenditures.

5 Norton Bankr. L. & Prac. 3d § 106:5 (footnotes omitted, citations omitted)

In this case, a budget will ensure that the Debtors' expenses are ordinary and reasonable. Spending approximately $9,000 a month for rent does not appear for two people does not appear reasonable.

As one court stated on this issue:

> Rather than struggle to invent out of whole cloth a procedure and standard for approving requests by chapter 11 debtors for authority to spend property of the estate for the payment of post-petition living expenses, the court should give section 363(c)(1) the same interpretation in chapter 11 cases as it has always been understood to have in chapter 13 cases. That is, the court should recognize that section 363(c)(1) authorizes a debtor in possession to use property of the estate to pay post-petition living expenses without prior court approval, **so long as the amounts to be disbursed qualify as "ordinary course"** expenses. An individual chapter 11 debtor needs to pay his living expenses in order to continue generating revenues for the estate. Thus, the payment of ordinary course living expenses should be treated as being within the debtor's ordinary course of business for the purpose of interpreting section 363(c)(1). The reasoning of *In re Goldstein,* 383 B.R. 496 (Bankr.C.D.Cal.2007), supports this conclusion. In *Goldstein,* the bankruptcy court was called upon to consider the debtors' request to employ a divorce attorney at the expense of the estate. *291 Noting that section 1115(a) makes a chapter 11 debtor's post-petition wages property of the estate, leaving the debtor without the ability to pay a divorce attorney from non-estate assets, the court in *Goldstein* began its analysis with the premise that section 363(c) permits a debtor to use post-petition wages to pay his ordinary course living expenses: "This provision [section 363(c)(1)] authorizes a debtor to buy bread and probably to purchase a ticket to travel to a court hearing. However, the hiring of divorce counsel is not typically a transaction in the ordinary course of business." *Id.* at 499. Therefore, the debtors could only use property of the estate to employ divorce counsel after notice and a hearing under section 363(b). Had the debtors merely been requesting authority to pay **undisputedly ordinary living expenses,** the clear view of the bankruptcy judge in *Goldstein* is that bankruptcy court approval would not have been required

> In re Seely, 492 B.R. 284, 290-91 (Bankr. C.D. Cal. 2013)
> (footnotes omitted) (emphasis added)

Asking that a date certain be set for the filing of a disclosure statement and plan of reorganization is the other side of having a budget. The disclosure statement should set forth the Debtor's projected disposable income and how it was determined.

        Judy A. Robbins
        United States Trustee

        /s/  Jack Frankel
        Jack Frankel, Attorney
        Office of United States Trustee
        115 S Union Street
        Alexandria, VA 22314
        (703) 557-7229

## Certificate of Service

I hereby certify that on the 4th day of April, 2016, I mailed, United States mail, postage prepaid, first class, a copy of this motion and notice of motion and hearing to:

| **Brian Andrew Tucci**, **Esq.** | **Terence Michael Hynes** |
| Goren &Tucci, LLC | **Kathryn Wilson Hynes** |
| 7979 Old Georgetown Road, Suite 750 | 7004 Green Oak Drive |
| Bethesda, MD 20814 | Mc Lean, VA 22101-1551 |

        /s/  Jack Frankel