IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 16-10556-BFK |
| TERENCE MICHAEL HYNES, | ) Chapter 11 |
| KATHRYN WILSON HYNES, | ) |
| | ) Hearing: May 3, 2016 at 11:00 am |
| Debtors. | ) Courtroom III, 3rd Floor |

**BRIEF IN SUPPORT OF THE US TRUSTEE'S MOTION FOR DATE
CERTAIN FOR FILING OF DISCLOSURE STATEMENT AND PLAN
AND TO HAVE COURT APPROVE
A BUDGET FOR DEBTORS' EXPENSES**

The United States of America, on behalf of the IRS, hereby files the following brief in support of the United States Trustee's motion that seeks that the Court set a date certain for the filing of a disclosure statement and plan of reorganization in this case, and for the Debtors to submit and the Court to approve a budget of Debtors' expenses (ECF No. 23).

**STATEMENT OF FACTS**

Debtors filed a bankruptcy petition seeking relief under Chapter 11 on or about February 18, 2016. The bulk of Debtors' liabilities stem from the judgment for unpaid federal income taxes for the years 1999 to 2013 entered in February 2015 in Civil Action No. 1:14-00587 (Eastern District of Virginia). Prior to this bankruptcy filing, Debtors were paying the United States $29,000 per month pursuant to a stipulated installment

payment order.

Mr. Hynes is senior counsel with the law firm of Sidley Austin in Washington DC. His gross monthly income is $83,450. ECF No. 17 at 24-25. Mrs. Hynes is a fashion designer. Her business creates a monthly loss of $1,798. *Id*. Over the last two years, Mrs. Hynes's business grossed $1,075. *Id*. at 30.

Debtors schedule $12,729 in monthly business expenses for Mr. Hynes, $1,798 in monthly business expenses for Mrs. Hynes, and $65,668 in monthly personal expenses (of which $35,000 is for estimated taxes). *Id*., at 25-27. At the 341 meeting of creditors, Debtors admitted that some of the transportation expenses and the life insurance were double-counted as business expenses and as personal expenses.

Debtors' monthly living expenses include $9,685 in rent and home maintenance, $2,324 in utilities, and $6,000 in support of a 27 year-old daughter who lives in New York City.

As of April 25, 2016, Debtors filed only one Monthly Operating Report (MOR) for February 2016, i.e. for the 11 days from the petition date to the end of February. According to the MOR, $9,492.91 in wages was received, and $8,200 spent in two checks written to Mrs. Hynes. ECF No. 34-1. Of that money, $581 was for "sole proprietorship expenses" and $4,500 for "support of children." *Id*.

## ARGUMENT

The United States objects to Debtors' use of estate funds to pay exceedingly high personal living expenses, support of adult children, and Mrs. Hynes's fashion design business expenses. The Court should require Debtors to seek approval of a budget and set

2

a date by which a disclosure statement and plan are to be filed.

**Debtors Continue Their Spending Habits In Bankruptcy**

Prior to BAPCPA, a Chapter 11 debtor was allowed to use postpetition earnings to pay personal expenses because such earnings were not property of the bankruptcy estate. After BAPCPA, however, an individual Chapter 11 debtor's postpetition earnings from services performed are property of the bankruptcy estate under Section 1115(a)(2). Paying personal expenses from property of the estate therefore raises issues regarding "the resulting diminution in estate assets" and the categorization of those expenses as either "actual, necessary expenses under § 503(b)(1) or ordinary course of business expenses under § 363." *See United States v. Villalobos (In re Villalobos)*, 2011 WL 4485793 at *8 (B.A.P. 9th Cir. Aug. 19, 2011).

Because a Chapter 11 debtor remains in possession of property of the estate until a trustee is appointed or the case is dismissed, the debtor in possession must safeguard the property and preserve it for the benefit of the creditors. *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, (1985) (in a Chapter 11 case, the debtor in possession has a fiduciary duty to act not in its own best interest, but rather in the best interest of the entire estate, including secured and unsecured creditors); *Devers v. Bank of Sheridan, Montana (In re Devers)*, 759 F.2d 751, 754 (9th Cir. 1985) (pre-BAPCPA case where discharge was denied when individual debtors improperly sold assets and used funds to pay their own living expenses during Chapter 11 proceeding); *see generally* 7 COLLIER ON BANKRUPTCY, ¶ 1107.02[4], ¶ 1108.04 and ¶ 1108.09[2, 3] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2012).

In this case, Debtors' schedules indicate monthly personal expenses (not counting estimated tax payments) around $30,000, including over $9,000 in housing expenses and over $2,300 in utilities. In comparison, the IRS's maximum monthly allowance for housing and utilities for a family of 2 living in Fairfax County is $2,717.

As noted above, the scheduled expenses contain errors. At the 341 meeting, Debtors admitted that some transportation expenses and insurance expenses were double-counted as business and personal. Furthermore, unless some of the expense figures on their schedules are inflated, it is impossible for Debtors to have made the $29,000 monthly installment payments they did prior to bankruptcy, as Debtor's scheduled net monthly income is $13,184.22. If Debtors' expenses are as reported on their schedules, they could not have made the monthly payments to the IRS.

Judging only from the one MOR that is available, Debtors continue to support an adult daughter who lives in New York City. In the 11 days reported on the February MOR, Debtors spent $4,500 for "support of children."

Although Mrs. Hynes's business has never shown a profit and consistently shown a substantial loss, Debtors appear to want to continue to fund Mrs. Hynes's fashion design business. In the 11 days of February covered in the MOR on file, $581 of the $8,200 paid to Kathryn Hynes was for "sole proprietorship expenses." ECF No. 34-1.

Debtors may not continue to spend money at this rate. The estate's creditors have no interest in sponsoring Mrs. Hynes's fashion design business, as it has no potential for providing income to satisfy the claims. Neither do the creditors have to support Debtors' familial generosity.

**Debtors Have No Business To Reorganize**

Mr. Hynes makes over a million dollars a year. He lists no assets except his retirement funds. He has tax debts going back to 1999. The reorganization in this case is for Mr. Hynes to continue work, limit spending, and pay his taxes.

Pursuant to 11 U.S.C. § 1129(a)(15), if an unsecured creditor objects, a plan can only be confirmed if Debtors contribute all of their projected disposable income (as defined in section 1325(b)(2)) to the plan. The United States thus supports the US Trustee's request to set a deadline for the filing of a disclosure statement and plan, as it will require Debtors to set forth their projected disposable income. As there is no business to reorganize except cutting expenses, it is in everyone's interest for Debtors to confirm a plan and begin making payments.

## CONCLUSION

For the foregoing reasons, the United States, on behalf of the IRS, supports the US Trustee's request that the Court set a date certain for the filing of a disclosure statement and plan, and for the Debtors to submit and the Court to approve a budget of Debtors' expenses.

Dated: April 26, 2016.

                                CAROLINE D. CIRAOLO
                                Acting Assistant Attorney General

                                */s/ Boris Kukso*
                                BORIS KUKSO

13835103.1

Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 310
Washington, D.C.   20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

Of Counsel:
DANA J. BOENTE
United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify a copy of foregoing BRIEF IN SUPPORT OF THE US TRUSTEE'S MOTION FOR DATE CERTAIN FOR FILING OF DISCLOSURE STATEMENT AND PLAN AND TO HAVE COURT APPROVE A BUDGET FOR DEBTORS' EXPENSES will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date:    April 26, 2016

/s/ Boris Kukso
BORIS KUKSO
Trial Attorney