United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

In re:

Terence Michael Hynes,
Kathryn Wilson Hynes,                                              Case No. 16-10556-BFK

    Debtor.                                                                Chapter 11

Response to Application to Employ Special Tax Counsel and Accountant

    The debtors have filed an application to approve the employment of Burton J. Haynes, P.C. ("Applicant") as special tax counsel and accountant pursuant to Section 327(e) of the Bankruptcy Code. Docket No. 27.

    The application should not be approved for four reasons:

1. Bankruptcy Code does not permit an accountant to be retained under Section 327(e).
2. The services to be rendered by the Applicant are not for a "specified special purpose" but are central of the administration of this case. Accordingly, the Applicant should be a "disinterested person" as defined by the Bankruptcy Code, and be retained, if a disinterested person, pursuant to Section 327(a).
3. The Verified Statement submitted by the Applicant, Docket No. 27-1, does not provide sufficient information regarding the Applicant's connections with the Debtor.
4. The Applicant may have a conflict of interest with the Debtor in that the Applicant paid the costs of this case. Disclosure of Compensation of Attorney, Docket No. 1.

Retention of Accountant Under Section 327(e)

    Section 327(e) provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or

> hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed

Section 327(e) only applies to attorneys, not accountants. As stated by one court:

> Section 327(e), however, references only the appointment of special counsel. For whatever reason, Congress chose not to extend this accommodation to any other profession.
>
> In re S. Shore Golf Club Holding Co., Inc., 182 B.R. 94, 95 (Bankr. W.D.N.Y. 1995)

Services to be Rendered are not for Specified Special Purpose

In addition, Section 327(e) is for the appointment of an attorney for a "specified special purpose." As further stated in the S. Shore Gulf Club case, page 95: "A professional does not acquire "special" status merely because a debtor proposes to assign that nomenclature. Rather, the Court must examine the duties that are to be performed."

The services to be rendered by the Applicant are central to the reorganization process. Their centrality does not override the Code's requirement regarding the limited duties of a special counsel. As stated:

> *A* professional whose services may be vital to the debtor's reorganization effort, but who is not "disinterested" and eligible for employment under § 327(a), cannot circumvent that requirement by trying to characterize the employment as "special counsel" under § 327(e). *In re Tidewater Memorial Hospital, Inc.,* 110 B.R. 221, 228 (Bankr.E.D.Va.1989).
>
> In re Running Horse, L.L.C., 371 B.R. 446, 452 (Bankr. E.D. Cal. 2007)

As stated by one court:

> Furthermore, attorneys cannot purport to serve as special counsel to bypass disinterestedness requirements while in fact acting as bankruptcy counsel. *In re Congoleum Corp.,* 426 F.3d 675, 692 (3d Cir.2005) (special counsel's role in plan process was too expansive for § 327(e) and conflicts

>disqualified lawyer from § 327(a) employment); *see also In re Running Horse, L.L.C.,* 371 B.R. 446, 451–52 (Bankr.E.D.Cal.2007) (law firm employed as special counsel could not represent Chapter 11 debtor in "conducting the case," which included matters related to formulation of a Chapter 11 plan and liquidation of the debtor's assets.); *In re ACT Mfg., Inc.,* 281 B.R. 468, 484 (Bankr.D.Mass.2002) (attorneys who are retained as special counsel put their fees at risk when they become involved in management of bankruptcy case, rather than confine their involvement to matters for which they were retained
>
>In re nCoat, Inc., No. 10-11512, 2012 WL 1354581, at *1 (Bankr. M.D.N.C. Apr. 18, 2012)

Inadequate Disclosure in Declaration

All that is disclosed in the Verified Statement is that the Applicant represented the debtors previously, nothing more. This is insufficient.

Additional information is necessary. The nature of services rendered, dates for the services, and the amounts paid to the Applicant, and the dates that the payments were made.

Applicant may have a Conflict of Interest

The Applicant was the source of compensation for the debtors' bankruptcy counsel. Disclosure of Compensation of Attorney for Debtor. Docket No. 1, page 13. The Applicant paid the costs of this case, including filing fees, from money paid to him by the debtors. Was this a gift or loan? What was the motivation? The very fact of this transaction raises a concern that requires more information.

The application should be denied.

April 15, 2016

Judy A. Robbins
United States Trustee

/s/  Jack Frankel
Jack Frankel, Attorney
Office of United States Trustee
115 S Union Street

Alexandria, VA 22314
(703) 557-7229